## Appointment of Tax Collector
## for Union Township

Before SWEET, *P. J.*, DiSALLE and GLADDEN, JJ.

*Herman J. Bigi*, for petitioner.
*Sanford S. Finder*, for appointee.

*PER CURIAM*, February 7, 1975—N. Merle Vanderslice was duly elected Tax Collector of Union Township for a four-year term beginning January 7, 1974. By letter dated November 1, 1974, and sent to both the Board of Supervisors of Union Township and the Ringgold School District, he announced his resignation as tax collector "due to ill health and recent surgery." He stated that he found it "impossible to collect taxes any longer" and added that he would "like it to take effect as of January 1, 1975, or as near to that date as possible."

On or about November 8, 1974, a petition, duly notarized, was filed with our clerk of courts alleging that a "vacancy exists in the office of Tax Collector . . . by reason of (the) resignation of N. Merle Vanderslice . . . " and requesting that the court appoint Elizabeth Nagy, the wife of the Chief of

Police of Union Township, in his place and stead. This petition was signed, inter alia, by N. Merle Vanderslice and by the three supervisors of Union Township. Attached to the petition was a copy of Mr. Vanderslice's letter of November 1, 1974, announcing his resignation. A number of other petitions were filed with the court, suggesting the names of other candidates for the vacancy.

On November 25, 1974, following a meeting of all five members of the Board of Judges, called to consider the matter, we filed an order appointing Louise L. Josephi to fill the vacancy, the order to be effective January 1, 1975. On November 26, 1974, after learning of our appointment of Mrs. Josephi, and apparently dissatisfied with our choice, N. Merle Vanderslice wrote another letter to the Union Township Supervisors advising that he had decided to withdraw his resignation and continue with his term. Then, on December 18, 1974, he filed an "application to quash" the appointment of Mrs. Josephi on the grounds that (1) neither the school board nor the township board had accepted his resignation; and (2) his resignation had never been submitted to the court.

The argument that the resignation had not been accepted by the local boards is without merit, since neither board had any authority to act in the premises. Only the court can fill a vacancy in the office of tax collector.

The argument that an official may withdraw his resignation before it has been acted upon has no validity, since we had appointed Mrs. Josephi before Vanderslice attempted to withdraw his resignation.

In sum, we see nothing in any of the various arguments propounded, and, therefore, make the following

## ORDER

And now, February 7, 1975, the application to quash the appointment is refused and our order of November 25, 1974, is affirmed.